09-2312-ag
Lin v. Holder

BIA
Lamb, IJ
A099 538 811

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> *Circuit Judges*.

_____

BIN LIN,
> *Petitioner*,

     v.                              09-2312-ag

                                          NAC

UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondents*.

_____

FOR PETITIONER:      Dehai Zhang, Flushing, N.Y.

FOR RESPONDENTS:      Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Gary J. Newkirk, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bin Lin, a native and citizen of the People's Republic of China, seeks review of a May 13, 2009, order of the BIA affirming the August 13, 2007, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Lin*, No. A099 538 811 (B.I.A. May 13, 2009), *aff'g* No. A099 538 811 (Immig. Ct. N.Y. City Aug. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)*; Manzur v. U.S. Dep't of*

*Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

## I.   Past Persecution

Substantial evidence supports the agency's adverse credibility determination. Under the substantial evidence standard, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

We find no error in the IJ's determination that portions of Lin's testimony were implausible. We will not disturb such findings as long as they are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived." *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d

Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007). The agency reasonably found implausible Lin's testimony that, despite growing up in China, receiving a middle school education, and having been denied a marriage license, she was not aware of the requirement that couples obtain a birth permit before having a child. This finding was tethered to record evidence discussing the pervasiveness of China's population control campaign, including its inclusion in the middle school curriculum. Additionally, we find no error in the IJ's finding that Lin's failure to present any authenticated corroboration further undermined the credibility of her already suspect testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Therefore, substantial evidence supports the agency's finding that Lin's claim regarding her alleged forced abortion in China was not credible. *See* 8 U.S.C. § 1252(b)(4)(B).

**II. Well-Founded Fear of Persecution**

We are also unpersuaded by Lin's argument that she has

4

a well-founded fear of persecution in China based on her desire, readiness, and willingness to have more children than the family planning policy permits.  We note that, although the agency failed to consider this claim, Lin does not argue that its failure to do so was error.  Even if Lin had made such an argument, remand would be futile.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (finding that the "overarching test for deeming a remand futile" is whether the reviewing court can "confidently predict that the IJ would reach the same decision absent the errors that were made" (internal quotation marks omitted)).  Indeed, because Lin is not married, is not pregnant, and has no children, her claim regarding her desire to one day have children is entirely too speculative to be objectively reasonable.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

Finally, Lin does not challenge the agency's denial of her withholding of removal or CAT claims before this Court.  Even assuming that Lin's challenge to the IJ's adverse credibility determination suffices to challenge the agency's

5

denial of each of her applications for relief, that determination undermines each claim to the extent they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk